GREELEY v. THE PROVIDENT SAVINGS BANK *et al.;* HAEUSSLER, *Exceptor, Appellant.*

DIVISION ONE.

1. **Practice in Supreme Court:** RECEIVER, COMPENSATION OF. An allowance by the circuit court of $18,000 to a receiver and $15,000 to his attorneys as compensation for their services being about three and one-third per cent. of the assets administered, will not be disturbed in the supreme court, where the evidence showing the amount of the labor performed has not been preserved.

2. ———: ORDER OF EVIDENCE. Error as to the order of the introduction of evidence will not ordinarily cause a reversal.

3. **Practice:** RECEIVER'S SERVICES: ITEMIZED ACCOUNT. It is not error, on the trial of the question of the amount of compensation of a receiver and his attorneys, for the court to refuse to require an itemized statement of their services.

4. ———: RECEIVER, APPOINTMENT OF: COLLATERAL ATTACK. The appointment of a receiver cannot be assailed in a collateral matter, *e. g.*, on the question of the amount of his compensation.

5. ———: RECEIVER, APPOINTMENT OF IN VACATION. The circuit court, as a court of equity, can, independent of the statute ( R. S. 1889, sec. 2193), appoint a receiver in vacation and confirm the appointment in term. ( *Cox v. Volkert*, 86 Mo. 511.)

6. ———: ———: ESTOPPEL. Where a creditor accepts dividend at the hands of a receiver, he will be estopped to deny the validity of his appointment.

*Appeal from St. Louis City Circuit Court.*—HON. G. W. LUBKE, Judge.

AFFIRMED.

*H. A. Haeussler* and *J. O. Broadhead* for appellant.

(1) The averments of bill gave the court no power or authority to appoint a receiver or take jurisdiction in the matter by taking the bank's assets out of the hands of the board of directors or its trustees.   No court could, at instance of a stockholder, take a corporation out of the hands of its directors and place it in the hands of a third party on such a showing, and it was error for the court to decline to hear appellant on that question. *Haines v. Carpenter*, 1 Wood, 266 ; *Middleton v. Dodswell*, 13 Vesey, Jr. 266 ; Daniel Eq. Prac., p. 1736.   (2) Under the statute, the assets of the Provident Savings Bank, if insolvent, passed to the directors as trustees, and should have been administered by them in such capacity without the intervention of a receiver or incurring the expense here objected to.   R. S. 1879, sec. 744. (3) The amount of the allowance as made was excessive, and not warranted either by law or what is called the evidence.   *Jones v. Keene*, 115 Mass. 170 ; *French v. Gifford*, 31 Iowa, 428 ; *Hinckley v. Railroad*, 100 U. S. 153 ; *Commissioners v. Savings Inst.*, 11 R. I. 557 ; *Cowdry v. Railroad*, 1 Wood, 346 ; *Martin v. Martin*, 12 Pac. Rep. 234 ; Beach on Receivers, 767 ; High on Receivers, 787.   (4) The burden of showing what the services of receiver and his attorney were worth, and what service they had in fact rendered, was improperly thrown upon appellant, ʹand from judgment of court no one can tell upon what theory or basis the allowances were made, whether by year, by month or by motions presented or cases tried.   (5) The court admitted improper evidence in regard to what has been done by the city courts, as to allowance of fees in matters of assignments, in order to govern its action in this matter.   (6) The court improperly refused to allow to appellant his costs paid and counsel fees for services rendered in protecting the estates, from the allowance proposed to be made on a per-cent. basis.   (7) The

costs and expenses should be taxed against plaintiff and not against the estate. (8) When a statute like in case at bar ( R. S. 1879, sec. 744) provides for an administration of an insolvent bank, by its directors as trustees, a court even of general equity jurisdiction is excluded from acting. If trustees do not act they can be cited and removed, and trustees appointed in their stead, and that is all. The statutory method must be pursued.

*Boyle, Adams & McKeighan* for receiver.

(1) The action of the court in the appointment of the receiver cannot be reviewed in this collateral proceeding. *Block v. Estes*, 92 Mo. 324 ; *Cox v. Volkert*, 86 Mo. 505 ; High on Receivers, sec. 203 ; *Packet Co. v. Davidson*, 13 Mo. App. 561 ; *Rosenheim v. Hartsock*, 90 Mo. 365 ; *Dollarhide v. Parks*, 92 Mo. 188 ; *Hardin v. Lee*, 51 Mo. 244; *Yates v. Johnson*, 87 Mo. 217 ; *Richards v. People*, 81 Ill. 550 ; *Barbour v. Bank*, 45 O. S. 133 ; *Beverly v. Brooks*, 3 Gratt. 187 ; *Railroad v. Railroad*, 46 Vt. 795 ; Freeman on Judgments, secs. 23, 25, 28 ; *Bank v. Reilly*, 8 Mo. App. 546 ; *Neal v. Hill*, 16 Cal. 145 ; R. S. 1889, sec. 2195 ; *City of St. Louis v. Gaslight Co.*, 11 Mo. App. 237 ; 87 Mo. 223. (2) If the action of the court in the appointment of the receiver were now reviewable, it would be found correct. R. S. 1889, sec. 2193 ; *State ex rel. v. Gambs*, 68 Mo. 289 ; *Cox v. Volkert*, 86 Mo. 505 ; *Packet Co. v. Davidson*, 13 Mo. App. 505 ; *Lawrence v. Ins. Co.*, 1 Paige Ch. 587 ; *Coal & Mining Co. v. Edwards*, 103 Ill. 475 ; *Murray v. Vanderbilt*, 39 Barb. 147 ; *Patten v. Transit Co.*, 4 Abb. Pr. R. 143 ; *Bent v. Priest*, 86 Mo. 482 ; Cook on the Law of Stock & Stockholders, sec. 648 ; *Dodge v. Woolsey*, 18 How. ( U. S.) 341 ; *Stevens v. Davison*, 18 Gratt. 819 ; Thompson's Liability of Officers & Agents of Corporations, secs, 382–385 ; Morawetz on Private Corporations, secs. 384, 386, 389, 397, 399 and 402 ; High on Receivers, sec. 293 ; Cook on

Stock and Stockholders, secs. 632, 661; *Blatchford v.* *Ross*, 54 Barb. 42; R. S. 1879, sec. 906; R. S. 1889, sec. 2784; R. S. 1879, sec. 918; R. S. 1889, sec. 2760; R. S. 1879, sec. 730; R. S. 1889, sec. 2510. (3) There being no president or *quorum* of directors they could not act as trustees under our statute to wind up the affairs of the corporation or otherwise take care of the assets or property of the bank. In addition to that there was on the fourteenth day of July, 1886, no dissolved corporation within the meaning and purview of the statute. R. S. 1879, sec. 744. (4) This court cannot review the action of the trial court on the question of the allowance to the receiver and his counsel, for the reason that, by direction of the appellant, all the evidence before the court below is not brought here. *Goode v. Crow*, 51 Mo. 212; *Roberts v. Bartlett*, 26 Mo. App. 617, and cases there cited; *Sleet v. Gilmore*, 28 Mo. App. 657. (5) The allowances to the receiver and his counsel were fully warranted by such part of the evidence as is now before the court, and the trial court's determination is entitled to the greatest consideration. Beach on Receivers, sec. 774. (6) There was no error in the court's requiring the objectors to introduce their evidence first, and no error in the rulings on the evidence by the court below. *Goode v. Crowe*, 51 Mo. 214; *Russell v. Berkstresser*, 77 Mo. 417; *Morey v. Stanley*, 54 Mo. 419. (7) Appellant is estopped from claiming, as he does in his brief, that this estate should be wound up by the directors as trustees, and because it was not so wound up that the receiver is not entitled to any compensation. (8) Under the pressing necessity, as disclosed by the averments of the bill, there was no error in the original provisional appointment of the receiver upon the verified bill, and, if there was any such error, the same was cured by the confirmation of that appointment and continuation of the receiver by the final decree of the court, rendered after all the parties were in court and heard in the case.

SHERWOOD, P. J.—The chief question presented by this record is the allowance made to the receiver and his counsel for services rendered in settling, collecting and winding up the affairs of the Provident Savings Bank, which had become insolvent, the cashier having absconded with the funds of the bank. The receiver was appointed provisionally, July 14, 1886, and gave, in response to the order of the court, a bond in the sum of $1,000,000. In the execution of his trust, he collected the sum of $979,249.06.

The exceptor herein, some months after the provisional appointment, and after the entry of the final order confirming such provisional appointment, purchased the claims of seven depositors in the insolvent bank, and upon this basis secured one allowance of about $1,000, on which he has been receiving his *pro rata* of dividends from time to time as made without objection.

On the twenty-fifth day of November, 1887, the receiver filed his final report, in the concluding portion of which he stated: "Your receiver further reports that no allowances have heretofore been made to the receiver for his compensation or for the compensation of his counsel in this proceeding; that after deducting from said sum of $150,614.88 proper compensation as aforesaid and also the court costs in this proceeding, which have not yet been paid in full, and after deducting a further sum sufficient to insure the receiver against liability by reason of the intervening petition of H. Clay Sexton as aforesaid, the balance thereof can now be distributed to the creditors of said bank as a third dividend.

"By reason of the fact that this court is familiar with the administration of this trust from the beginning to the end, and familiar with the character and quantity of the services rendered by the receiver and his counsel, your receiver respectfully submits to the court to determine and fix an aggregate amount which shall cover the compensation for himself and for his counsel.

"Your receiver further reports that the total allowances heretofore made in favor of creditors of said bank have been so far reduced by operation of the several orders of court requiring payments in full and settlements that the aggregate amount thereof now outstanding and entitled to participate in the third dividend is $849,003.64."

Thereupon, the court, with the view of calling the attention of the creditors to the matter, on the same day made the following order, to-wit: "And now at this day comes the receiver in this cause, William H. Thompson, Esq., and files and submits to the court his report and account to this date as such receiver, which being seen by the court it is ordered that the hearing and the consideration of said report and account be and the same now is set down for Saturday, December 3, next at ten o'clock A. M., in room number 1 of this court. And it appearing to the court that said receiver has not for himself nor for his counsel, Messrs. Boyle, Adams & McKeighan, charged any sum on account of or for the services of said receiver and of his said counsel in this cause, but has submitted said matter to the court, it is, therefore, now by the court also ordered that, upon the hearing of said account as aforesaid, all parties in interest in this cause may show cause why the said receiver and his said counsel may not be allowed together for all their services, joint and several, rendered in this cause including also the distribution of the sum or sums of money now in the hands of said receiver a commission equal to that allowed by the statute of this state fixing the commissions of executors and administrators. It is further ordered by the court that a certified copy of this order be published by the clerk of this court in the *Missouri Republican* at least five days before said third day of December next."

The said order was duly published according to the requirement contained in it. The objector, out of all the five thousand creditors, alone appeared to contest

the receiver's account. He first and on December 2, 1887, filed an objection to the allowance of such commissions as by law are chargeable by administrators. And, on December 3, he filed a further objection to five certain items of disbursements by the receiver. He also filed motion requesting the court to appoint counsel for him in the matter of the opposition to the receiver.

The last motion was overruled. The court then made the following order: After reciting the proof of the publication of the order of November 25, and also reciting the fact that Mr. Haeussler appeared and made objections to five certain items and to the allowance to the receiver and his counsel, the court proceeds. "And thereupon said account and report of said receiver, except as to the five specific objections set down by said H. A. Haeussler as aforesaid and except as to the question of compensation to be allowed the receiver and his attorneys, Messrs. Boyle, Adams & McKeighan, is submitted to the court and said H. A. Haeussler consenting, and no other person appearing to object thereto, and the court having seen said account and being fully advised doth now order that said report and account as to each and all the items thereof except the five items aforesaid be and the same is now approved and allowed, and, thereupon, by consent of said receiver and of H. A. Haeussler, the said specific objection, and the question of compensation, to be allowed said receiver and his attorneys, Boyle, Adams & McKeighan, are reserved and continued for hearing at the next term of this court and ordered set down for hearing on December 10, 1887, at ten o'clock A. M., in room number 1 of this court. And said H. A. Haeussler presents to the court a bill of exceptions which is signed, sealed, filed and made a part of the record herein."

Thereafterwards, and on December 10, the said Haeussler filed an amended objection confining his objections exclusively to the allowance of compensation

to the receiver and to his counsel, to the effect in sub-
stance, *first*, that the compensation should not be the
same as administrators and executors ; *second*, that no
compensation at all should be allowed, because the
plaintiff had no lawful right to institute the suit ;
*third*, that compensation should not be allowed the
receiver and counsel in gross.

Afterwards, and on December 10, pursuant to the
provisions of the order of December 3, as well as pur-
suant to Mr. Haeussler's consent as shown in said order,
the court took up the matter, and evidence was heard
touching the reasonable value of the services of the
receiver and his counsel.  This testimony thus heard
*pro* and *con.* was amply sufficient to sustain the allow-
ance made by the court of $18,000 to the receiver for his
services, and $15,000 for those of his counsel.

It is true there was testimony adduced which would
have authorized the allowance of less amounts for the
services rendered, but this fact does not at all counter-
vail the correctness of the allowance made.  The court
on the hearing, and at the instance of the exceptor,
abandoned the theory of an allowance on the basis of
the compensation allowed by statute to executors and
administrators, which had it been followed would have
awarded to the receiver and his counsel nearly $49,000.

In some of our sister states the analogy of the stat-
ute respecting compensation to executors and adminis-
trators is followed ; in other jurisdictions the matter is
held to be wholly within the discretion of the court,
while others accurately fix by statute the receiver's com-
pensation at a certain per centum of the amount of
money passing through his hands.  Beach on Receivers,
sec. 758.  The compensation allowed in the present
instance is only about three and one-third per cent. of
the assets administered.  In cases of this sort, where
the *quantum* of the compensation allowed the receiver
is questioned in an appellate court, great weight is

accorded the judgment of the lower court upon the the-ory that such court was more thoroughly conversant with the facts, owing to the same having been more fully presented before that tribunal. Beach on Receiv-ers, sec. 774.

This point stands out with particular prominence in the case at bar; for when the hearing of this cause was in progress before the lower court, and it became appar-ent that the exceptor intended to take an appeal, coun-sel for the receiver contended that in that event it was important to have the entire record taken before the appellate court. To that end the receiver's counsel offered in evidence the various petitions and the orders that were made on said petitions, the reports that had been made by the receiver showing his action, and the various orders that were made by the court below upon such reports from the beginning to the end. The receiver's counsel also offered the files and docu-ments that had been made in the case.

To such evidence exceptor objected, as he said at the trial that it would make him too much cost in get-ting up the transcript for an appeal.

The court then asked him if he conceded that in passing on the question of the allowance the court was entitled to look at every paper and the whole record of the case. Exceptor said: "Of course, the court can look at every paper in the case." The court said: "I think the objection is well taken, for when you make that objection I understand you concede that the court has a right to look at all the papers in the case." Mr. Haeussler said: "Yes, I do." Thereupon the court sustained Mr. Haeussler's objection to such testimony.

It is quite obvious that in absence of such important evidence, evidence showing the whole amount of labor done, evidence to which the lower court had full access, evidence of which we are deprived, that it will be impos-sible for this court to determine with any degree of

accuracy, whether the compensation allowed was excessive in amount. Every presumption touching the correctness of the action of the lower court is certainly at war with any such theory of error on the part of that tribunal. Should we, in spite of these favorable presumptions, come to a conclusion at variance with that reached by that court, what assurance would we have that we were passing, not upon a case made before that court, but upon evidence which at best would be but partial, defective and misleading. We must decline entering upon such a task. And, saying this, we do but repeat what has been so often iterated and reiterated by this court from an early day in its history, that he who assigns error on the action of the lower court in its conclusions on the facts, must make that error conspicuous by preserving in the record brought up here *all* the facts on which such conclusions are based. No other rule would be either practicable or safe.

Besides, in this case, the receiver's counsel offered competent evidence to prove the fact in dispute, to-wit, the receiver's compensation; but on the exceptor's objection this evidence was excluded. This having occurred, and the excluded evidence thereby failing to form a part of that preserved in the record, the exceptor is plainly estopped from contending that the receiver failed to prove the facts rejected at his own instance. Bigelow on Estop. [ 5 Ed.] 720.

There was no error in the lower court requiring the exceptor to introduce their evidence first, in order that it might be determined whether the compensation allowed the receiver and his counsel should equal that of an executor or an administrator.

The mere order of the introduction of testimony has never been held ground of reversible error, at least unless some apparent injury results to the objecting party, and this is especially true in equity cases, where the whole matter is heard and determined by the court.

Nor was there any error committed in not requiring at the hands of the receiver and his counsel an itemized account. The case was submitted by the consent of the exceptor and the receiver, the only issue being, Were the services of the receiver to be measured by the statutory standard of similar allowances to executors and administrators?

Aside from this, it has never been the practice, so far as our observations extend, to require itemized accounts for the services of attorneys in partition and other like cases, and no reason is perceived why a different rule should prevail in instances like the present. No error occurred in this item.

But it is urged that the circuit court had *no power* to appoint a receiver. This objection, also, is without merit, even technically speaking, and is readily answered.

I. It is a collateral attack on a valid judgment, to-wit, the appointment of the receiver, a judgment from which an appeal could have been taken and the matter righted, or the matter could have been reached and vacated by motion. This is shown by the authority cited by counsel for the receiver.

II. But the circuit court, independent of section 2193, Revised Statutes, 1889, had the authority to appoint a receiver in vacation and to subsequently confirm that provisional appointment by an order made on the assembling of court. The section referred to does not shorten the arm of a court of equity in this particular since no words of preclusion are used in that section. *Cox v. Volkert*, 86 Mo. 511.

III. The exceptor having accepted the dividends made from time to time from the hands of the receiver, and having thus recognized the validity of his appointment during all that time, cannot now change front and deny the validity of that appointment. He is clearly estopped from so doing. Bigelow on Estop. [5 Ed.] 687.

We affirm the judgment. All concur.