Argued 16 March ; decided 30 March, 1903.

### FORD v. GILBERT.

[71 Pac. 971.]

RECEIVER—VALIDITY OF APPOINTMENT—COMPENSATION.

1. Where a court having the general power to appoint receivers makes such an appointment *pendente lite,* with the express assent of all the parties. the compensation of the officer, as fixed by the court that appointed him, and the expenses incurred by him under its orders, are payable out of the funds of the receivership, though it may subsequently develop that the court did not have jurisdiction.

APPROVAL OF EXPENSES OF A RECEIVER.

2. An order approving the accounts of a receiver and directing payment of sums thereby shown to have been expended by him in performing his duties, is equivalent to an order authorizing him to incur such obligations.

From Marion : REUBEN P. BOISE, Judge.

This is a suit by Tilmon Ford, as executor, against A. T. Gil-bert and others, wherein Claud Gatch was appointed receiver, and Henry B. Thielsen petitions for an order directing the present receiver to pay him a certain sum as compensation, and to reimburse him for money expended, while acting as receiver *pendente lite* of the business of defendants under a previous appointment by another court. From an order sustaining a demurrer to the petition, petitioner appeals.        REVERSED.

For appellant there was a brief over the names of *William H. Holmes* and *Webster Holmes,* with an oral argument by *Mr. W. H. Holmes.*

For respondent, Claud Gatch, receiver, there was a brief over the name of *Brown & Wrightman,* with an oral argument by *Mr. J. N. Brown.*

For respondents, sundry objecting creditors, there was a brief over the names of *R. J. Fleming* and *John A. Jeffrey,* with an oral argument by *Mr. Fleming.*

MR. JUSTICE BEAN delivered the opinion.

This is an appeal from an order of the circuit court of Marion County, sustaining a demurrer to and dismissing the petition of Henry B. Thielsen for an order directing Claud Gatch to pay out of the funds in his hands, as receiver of the

property of Gilbert Bros., the sums of $250 as compensation to the petitioner, and $304.72 to reimburse him for money necessarily expended while receiver *pendente lite* of the same firm and property, under appointment of the Circuit Court of the United States for the District of Oregon. The petition alleges, in substance, that Thielsen was appointed temporary receiver of the property of Gilbert Bros. by the United States court, in a suit therein pending, wherein Emma Johnson was plaintiff, and Tilmon Ford, as executor of the last will and testament of William Cosper, deceased, and Gilbert Bros., were defendants; that the court refused to make such appointment until Gilbert Bros. and the other defendants were notified of the application therefor; that notice was accordingly given, and all the parties appeared in person and by attorneys, and agreed that "it was necessary and proper that a temporary receiver should be appointed to take charge of all the property of the said Gilbert Bros., pending the examination and the trial of said cause;" that, acting upon such assent and in pursuance thereof, the court, after hearing the suggestions of plaintiff and defendants in favor of various persons for the position, appointed the petitioner; that soon thereafter the plaintiff, Tilmon Ford, as executor of the last will and testament of William Cosper, deceased, commenced a suit in the circuit court for Marion County against Gilbert Bros. for an accounting, and applied for the appointment of a receiver of their property, whereupon the defendant, Claud Gatch, was appointed as such receiver; that thereafter the defendants demurred to the complaint in the suit brought by Johnson against Ford in the United States court, on the ground that it did not state facts sufficient to constitute a cause of suit, and that the court had no jurisdiction of the subject-matter; and on the 24th day of May, 1901, the demurrer was sustained, on the ground that the court "has no jurisdiction of the defendants in said cause, or any of them, nor of the subject-matter of the action," and because the complaint "does not state facts sufficient to constitute a cause of action or entitle the plaintiff to the relief demanded therein." It was thereupon adjudged and decreed that the complaint be

42 Or.—34

dismissed, and that the demurring defendants have and recover of and from the plaintiff their costs and disbursements. At the same time, and as a part of the same judgment and decree, Thielsen was ordered and directed to deliver to the receiver appointed by the state circuit court all the property in his possession as receiver, and that upon such delivery he be discharged from his trust and from any further duties thereunder. It was further ordered and decreed that his remuneration and expenses (a bill of items of which was presented to and approved by the court, amounting in the aggregate to $554.72) should be paid out of the funds derived from the property of which he had been receiver, and should be a preferred claim thereon. The petition also alleges that the charges fixed and allowed by the federal court were reasonable; that the work and labor performed and expenses incurred by the petitioner were necessary, and that the benefit thereof was adopted and accepted by Receiver Gatch when he took charge of the property; that Gatch has funds in his possession applicable to the payment of petitioner's claim and the same should be paid out of such funds, as Gatch would necessarily have been required and compelled to make such expenditures and perform such labor if the same had not been done and performed by the petitioner.

1. It is argued in support of the decree of the court below that, because the federal court decided, in the suit of *Johnson* v. *Ford* (C. C.), 109 Fed, 501, that the county court of Marion County, sitting as a court of probate, had the exclusive jurisdiction of the subject-matter of the litigation, and therefore dismissed the suit, its order appointing the petitioner receiver of the property of Gilbert Bros. was void for want of jurisdiction, and that the compensation and expenses of the receiver should have been taxed to the plaintiff as costs of the suit, and cannot be paid from the property. We do not think it necessary to enter upon a discussion of the subject of void and voidable decrees, or to determine when and under what circumstances the decree of a court appointing a receiver can be assailed collaterally. The petition alleges that the appoint-

ment of the petitioner as receiver of the property of Gilbert
Bros., who were not the principal defendants in the suit of
*Johnson* v. *Ford,* was made by the federal court in a suit then
pending to which they were parties, in pursuance of an agree-
ment in open court that such an appointment was necessary in
order to preserve the property pending the further examina-
tion and trial of the suit, and that the present receiver of the
state court subsequently appropriated and availed himself of
the work and labor performed by the petitioner and the benefit
of the money paid out by him.   We are of the opinion, there-
fore, that, under such circumstances, and for the purposes of
this case, the appointment cannot be regarded as void, and that
the value of the petitioner's services and his expenditures, as
ascertained and determined by the court appointing him,
should be paid by the present receiver from the funds in his
possession as if they had been incurred by himself.

Where a court has no power or authority to appoint a re-
ceiver in any event, or where it has authority, but the appoint-
ment is improperly made, and subsequently set aside and
vacated on motion of a nonconsenting party, it is probable
that, as a general rule, the receiver cannot have his compensa-
tion or expenses paid from the property, but must look to the
parties to the suit: *Lockhart* v. *Gee,* 3 Tenn. Ch. 332; *French*
v. *Gifford,* 31 Iowa, 428.; *Pittsfield Nat. Bank* v. *Bayne,* 140
N. Y. 321 (35 N. E. 630); *Weston* v. *Watts,* 45 Hun, 219.
But, where the court has the general power and authority to
appoint a receiver *pendente lite* in proper cases, and the par-
ties to a pending suit appear and admit that such an appoint-
ment is necessary in the suit, and, acting on such assent, a
receiver is appointed, his compensation and the expenses neces-
sarily incurred by him in preserving and caring for the prop-
erty under the order of the court should be paid out of the
fund, although it may be found on further investigation and
subsequent examination that the court was, in fact, without
jurisdiction of the subject-matter, and the suit ultimately be
decided adversely to the plaintiff (*Ferguson* v. *Dent* [C. C.],
46 Fed. 88); and especially is this so where, as here, the benefit

of the services of the receiver and of the expenses incurred by him has been appropriated and used by a subsequent receiver, and therefore inured to the estate.

2. It is argued that the petition is insufficient because it does not state that the services rendered and money paid out by the petitioner as receiver in the federal court were in pursuance of a previous order of such court. It appears that the action of the receiver in this regard was approved by the court, and such approval is equivalent to previous authority, if such authority was necessary.

We conclude that the demurrer to the petition was not well taken. The decree of the court below is therefore reversed, the demurrer overruled, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.                                                    REVERSED.

Decided 24 November, 1902.