[Civ. No. 10015.   First Appellate District, Division One.—January 12, 1937.]

JOHN H. SPOHN COMPANY (a Corporation), Appellant, v. E. W. BENDER, Respondent.

Simeon E. Sheffey for Appellant.

Goodman, Bachrack & Brownstone for Respondent.

TYLER, P. J.—Plaintiff sued defendant herein for the sum of $2,906.58 on a complaint in two counts; the first for money had and received, the second alleging the facts upon which the first cause of action was based. Defendant, answering, set forth numerous special defenses and filed a cross-complaint. There were two trials. In the first, judgment went in favor of plaintiff. A new trial was granted and plaintiff filed an appeal from the order, which he subsequently dismissed. Upon the second trial judgment went in favor of defendant. Motion for a new trial was made and denied. This is an appeal from the judgment.

The facts show that plaintiff corporation in 1932 became financially involved. At that time Arnold C. Lackenbach was the attorney for plaintiff corporation. One of the creditors of the company was threatening bankruptcy proceedings and in order to protect the company Mr. Lackenbach planned to have a receiver appointed for it. With this purpose in view defendant was requested to and did attend a meeting of the directors of the corporation. At the meeting there were present Mr. Lackenbach, John H. Spohn, Sr., president and director of the company, John H. Spohn, Jr., secretary and director, and Lena Spohn, vice-president and director. The Spohns owned among them all but one hundred twenty shares out of four hundred eighty-five shares of the total

issued and outstanding stock of the company, and they were three out of the four directors present, among them being John H. Spohn, Jr., who was the general manager. The fourth director was an employee of the company and worked for defendant Bender. Mr. Bender was asked to accept the reccivership of the corporation and he agreed to do so. Thereupon a complaint was filed by John H. Spohn, Jr., against the company asking for the appointment of a receiver. It alleged that the corporation was unable to liquidate its assets so as to pay its debts expeditiously and that such assets would become seriously impaired to the irreparable loss of plaintiff and other stockholders, as well as its creditors, unless a receiver was appointed. Upon the filing of the complaint an order was made appointing defendant Bender as receiver of the corporation. He qualified as required by law and entered upon his duties. The record shows that from the date of his appointment Bender assumed complete charge of the business, devoting the greater portion of his time to its management and the liquidation of its assets. He collected a large amount of money. Subsequently he filed an account with the court and asked that his fees be fixed. All parties concerned were duly given and had notice of the time and place of the hearing. Defendant was allowed the sum of $1500 for his services as receiver and $1,000 as attorney's fees. A few weeks later defendant filed a second report and final account as receiver, together with a petition for allowance of additional fees. All the parties interested were duly notified of the day set for the hearing of the petition. At the same time there was also filed on behalf of plaintiff a petition for the removal of the receiver and the vacating of the order of his appointment upon the ground that such order was void for the reason that the request for the appointment was unauthorized by law as it was ancillary to no cause of action against plaintiff and sought no relief other than the appointment of such receiver. A third petition was filed on behalf of plaintiff asking for a substitution of receiver. All three of these petitions came on for hearing the same day. ▮ Plaintiff appeared in court by its attorney, and John H. Spohn, Jr., its manager, was also present. He testified that he represented the John H. Spohn Company and had no objection to defendant as receiver asking for or receiving a fee of $1750 in full for his services, or to

the fee of his attorney of $1,000 which had been allowed on the settlement of the first account of the receiver. Defendant was thereupon allowed the additional sum of $250, making his total fee $1750. Irrespective of the willingness of Spohn, Jr., to pay the receiver this amount awarded in a case of this character, the trial court had the power to determine the value of the services without the aid of expert testimony. (*Nylund* v. *Madsen,* 94 Cal. App. 441 [271 Pac. 374]; *Ehlers* v. *Wannack Bros.,* 118 Cal. 310 [50 Pac. 433]; *Spencer* v. *Collins,* 156 Cal. 298 [104 Pac. 320, 20 Ann. Cas. 49]; 71 Cor. Jur. 147.) Defendant thereupon resigned and another receiver was appointed in his place. Plaintiff thereafter brought the present action to recover the sums allowed and paid defendant. Upon the first trial judgment went in favor of plaintiff. Defendant moved for and was granted a new trial. Plaintiff thereupon appealed from the order but this appeal was subsequently dismissed by it. Upon the second trial judgment went in favor of defendant, the court finding in substance that defendant was appointed receiver of plaintiff at its express consent and request and that of its officers, directors and stockholders holding and owning a majority of its capital stock; that under these circumstances the corporation was estopped from claiming or recovering any sum or sums of money from defendant by virtue of the matters set forth in its complaint. A motion for a new trial was made and denied and this is an appeal from the judgment.

In support thereof it is first claimed that the judgment in the first trial is a final one, as the motion for a new trial was improperly granted. The second claim is made that as the order appointing a receiver was void, there being no jurisdiction or power in the court to make it, all decrees or orders or proceedings taken, of whatsoever kind and character, are totally void and without any effect. Upon this second and main contention we have a situation, assuming the appointment of the receiver to have been void as being without justification or jurisdiction, of one voluntarily and upon its own application enlisting the services of an innocent third party to act as receiver for its benefit, and procuring his appointment, and then attempting to recover the compensation allowed by the court, without objection, for his services rendered. The law should not and in our opinion does not countenance such action. The trial court is a court

of general jurisdiction and has, in a proper case, power to appoint a receiver. (Sec. 564, Code Civ. Proc.) An appointment in an improper case is merely error in the exercise of jurisdiction. To permit one to invoke the exercise of a jurisdiction within the general powers of a court, and then to reverse its orders upon the ground that it has no jurisdiction, would be to allow one to trifle with the courts.

█   The principle opposing such action is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of but merely closes the mouth of the complainant. (*Spence* v. *State Nat. Bank,* (Tex. Com. App.) 5 S. W. (2d) 754.) The principle is known as the doctrine of acquiescence, often referred to as *quasi* estoppel. The doctrine has generally been applied to void receiverships. (*East Tennessee Tel. Co.* v. *Watson,* 147 Ky. 462 [144 S. W. 375]; *Rouge* v. *La Fargue Bros. Co.,* 49 La. Ann. 998 [22 So. 190]; *Greeley* v. *Provident Sav. Bank,* 103 Mo. 212 [15 S. W. 429].) In these cases receivers were allowed compensation notwithstanding their appointments were void by reason of existing facts creating a *quasi* estoppel. This doctrine of *quasi* estoppel is universally recognized in the law whenever necessary to protect an innocent party.

In *Tabor* v. *Bank of Leadville,* 35 Colo. 1 [83 Pac. 1060], the facts are on all fours with the instant case. A receiver had been appointed on request of defendant. The receivership was void and it was contended, as here, that as the appointment was invalid the receiver was not entitled to compensation for his services. The court held that as to his rights it made no difference whether the receivership was void, as all his acts with reference to the defendant property were done at its instance and request. (*Ford* v. *Gilbert,* 42 Or. 528 [71 Pac. 971].) In addition to the cases involving receiverships there are innumerable other situations in which parties, by consenting to void proceedings, have estopped themselves from thereafter questioning those proceedings.

In *Githens* v. *Githens,* 78 Colo. 102 [239 Pac. 1023, 43 A. L. R. 547], one party moved to vacate an order annulling an original decree on the ground that the court had no jurisdiction whatsoever to make such an order. In refusing the

relief sought the court held that where one procures or gives his consent to a decree, though it be void as beyond the power of the court to pronounce it, he is estopped to question its validity. (*Crumley* v. *Laurens Banking Co.*, 144 Ga. 603 [81 S. E. 871]; *Bledsoe* v. *Seaman*, 77 Kan. 679 [95 Pac. 576]; 21 Cor. Jur. 1216.) This doctrine finds expression in our Civil Code (see secs. 3512, 3515, 3516, 3519).

In *Donegan* v. *City of Los Angeles*, 109 Cal. App. 673 [293 Pac. 912], the city of Los Angeles had brought condemnation proceedings against certain property to be used as a warehouse. Some years later plaintiff sued to quiet title to the land so condemned and tendered the return of the purchase price. The court held that while the city had no authority to condemn property for use as a warehouse, and the entire proceedings and judgment therefore were void, still the court having jurisdicton over condemnation proceedings, plaintiff was estopped by his acquiescence, even though the judgment was void. (*Hinderlider* v. *Berthoud*, 17 Colo. 504 [238 Pac. 64].)

It is clear from the authorities that plaintiff in this case cannot recover the sums paid to the receiver for the reason that it procured his appointment and is therefore estopped to recover any sums paid to him.

The second point raised by appellant is equally without merit. As above recited, upon the first trial judgment was in favor of plaintiff. A new trial was granted, but the order granting the same it is claimed was irregular and improper, so that the first judgment is a final one. In support of this contention it is claimed that it is necessary under the provisions of section 632 of the Code of Civil Procedure, where an order granting a motion for a new trial is made in chambers, for the court to sign the order, and that no such order was ever signed or filed. It is not contended that the motion in fact was not granted, but it is claimed that since the record does not show a formal signed order granting the motion this court must now hold that the motion was not in fact granted. Appellant admits that since the amendment to section 166 of the Code of Civil Procedure in 1929 a judge has the power to hear and determine motions for new trial in chambers, but the amendment it is claimed did not change the method by which the court must render judgment upon the motion when granted in chambers, which it is claimed requires

a signing of the order. It is also admitted that a motion can be properly granted by a pronouncement of the judge of such order in open court. The record contains a minute order granting the motion. Assuming, though not deciding, that the order had to be pronounced in open court, there is nothing in the record to show whether or not this was done. All intendments are in favor of the record on appeal. The record being silent upon the subject the presumption is that the lower court took the proper step. (*Beaumont* v. *Midway Provident Oil Co.,* 21 Cal. App. 128 [131 Pac. 106] ; 2 Cal. Jur. 887.) Moreover, after the granting of the order appellant appealed therefrom, which appeal was subsequently dismissed by stipulation. The case was retried and no objection was then raised as to the sufficiency of the order. Under all these circumstances we conclude that the objection is without merit.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.