No. 1,397.

### WETZEL, ADMINISTRATOR, *v.* KELLAR.

SPECIAL VERDICT.—*Amount of Recovery, Sufficiency of Finding.*—A special verdict that plaintiff performed the services sued for upon an agreement that she should be paid therefor, and finding that if plaintiff is entitled to recover, $666 is the correct amount, is a sufficient finding as to amount of recovery.

MARRIED WOMAN.—*Recovery for Services Rendered.*—For facts and circumstances permitting a married woman to recover for services rendered while a *feme covert*, see opinion.

DECEDENT'S ESTATE.—*Evidence.—Declaration of Decedent Made in Absence of Claimant.*—An administrator can not prove a declaration of the decedent, made in the absence of the claimant, to sustain his defense.

From the Jennings Circuit Court.

*G. F. Lawrence* and *B. F. Tweedy*, for appellant.
*B. New* and *L. Dixon*, for appellee.

DAVIS, J.—This was an action by the appellee against the appellant to recover for work and services rendered the decedent in her lifetime.

The errors assigned are:

1. That the court erred in overruling appellant's motion for judgment in his favor upon the special verdict of the jury.

2. That the court erred in sustaining appellee's motion for judgment in her favor upon the special verdict returned by the jury.

3. That the court erred in rendering judgment upon the special verdict returned by the jury in favor of appellee upon her motion therefor.

4. That the court erred in overruling appellant's motion for a new trial.

The first three errors may be considered together.

The substance of the special verdict is that said Permelia F. Chambers died in Jennings county in January, 1893, at the age of seventy-two years; that for six years preceding her death she was in poor health, very feeble, requiring the assistance of a housekeeper during all of said time and a portion of the time requiring the assistance of a nurse; that appellee, at her request and solicitation, on the 2d of April, 1887, went to live with said decedent, and remained there until her death; that during said time she performed work and labor for said decedent in the way of household work and in caring for and nursing her; that all of said work and labor were performed by appellee at the request of said Chambers and with the understanding and agreement that she was to be paid for her said services; that she has never been paid for her said services; that the same is due and unpaid.

The jury also find that the administrator was ap-

pointed and that appellee filed her claim, giving the dates, etc.

In conclusion, the jury say that if the law is with the defendant, then they find for the defendant, and, "If upon the foregoing facts the law is with the plaintiff, we find for the plaintiff and assess her damages at six hundred and sixty-six ($666) dollars."

The special verdict finds every fact essential to appellee's right to recover. The jury find that appellee rendered services for said decedent from April, 1887, to January, 1893, in the performance of household work and in caring for and nursing her; that the decedent required the services of a housekeeper during all of said time, and also required the assistance of a nurse during a portion of the time; that the services were rendered by appellee at her request, and with the understanding and agreement that she was to be paid for her said services. It is true the jury do not say in express terms that the services were worth $666, but they do find that if she is entitled to recover for the services, that $666 is the correct amount. *Dawson* v. *Shirk*, 102 Ind. 184.

It is next insisted that under section 6975, R. S. 1894, the verdict of the jury is contrary to law. Section 5130, R. S. 1881.

The evidence in this case tends strongly to prove that at the time the agreement for the services and the payment therefor was made, appellee was an unmarried woman, and that she was married after she had entered upon the discharge of her duties under the agreement.

We can not say, under the facts and circumstances in this case, that appellee did not perform the services for said decedent on her sole and separate account. *Boots, Admr.,* v. *Griffith, Admr.,* 89 Ind. 246.

Counsel for appellant next urged that the damages assessed are excessive.

The evidence tends to prove that when appellee entered her service, in 1881, the decedent was feeble, hard of hearing and unable to care for herself; that appellee gave her good care and kind treatment until her death; that the disease with which the old lady was afflicted was very disagreeable, and for weeks required each day frequent changing of the bedclothes, etc. Giving the evidence the most favorable construction in behalf of appellee, we see no reason for disturbing the verdict of the jury on this ground.

There was no error in excluding proof of declarations made by the decedent in the absence of appellee. The rule is well settled that an administrator can not in such cases prove the declarations of the decedent, made in the absence of the claimant, to sustain his defense. *Bristor v. Bristor, Admx.*, 82 Ind. 276.

We find no reversible error in the record.

Judgment affirmed.

Filed Feb. 23, 1895.