[L. A. No. 239. Department Two.—September 18, 1897.]

## P. W. EHLERS, Respondent, v. WANNACK BROTHERS, Appellants.

QUANTUM MERUIT—EVIDENCE—ARCHITECT'S SERVICES—EXPERTS.—In an action to recover the reasonable value of services rendered by an architect in drawing and preparing plans and specifications for buildings proposed to be erected by the defendant, after evidence of value has been given by expert witnesses, it is error for the court to exclude evidence offered by the defendant as to the length of time it would take to draw the plans and specifications. In such a case, the jury, or court sitting as a jury, is not concluded by the testimony of the experts, or their estimates of value.

ID.—ALLEGATIONS OF SPECIAL CONTRACT.—Where the complaint contains apt allegation of the reasonable value of the services rendered, and in addition alleges a special contract of employment, the failure to prove such special contract, and the finding of the court against the same, does not constitute a fatal variance.

ID.—CONDITIONAL PROMISE TO PAY—FINDINGS.—An answer in such action setting up an agreement that the services were not to be paid for unless the defendants were able to secure a liquor license for the sale of liquor in the buildings, and their inability to secure the same, constitutes a defense, necessitating a finding thereon. And a mere finding that there was no agreement as to the amount to be paid for the services is insufficient.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Murphey & Gottschalk, for Appellants.

John W. Kemp, for Respondents.

McFARLAND, J.—This action was brought to recover from the defendants the reasonable value of plaintiff's alleged services rendered as an architect in drawing and preparing certain plans and specifications for buildings proposed to be erected by the defendants. Judgment was rendered for plaintiff in the sum of seven hundred and fifty-one dollars and forty-five cents; and from the judgment and an order denying a new trial the defendants appeal.

The evidence as to the value having been entirely that of expert witnesses, who differed in their estimates of the value, the defendants asked one of the witnesses how long it would take to draw the plans and specifications; to this question the plaintiff objected upon general grounds, and also upon the ground that it was not the proper method of proving the value of plaintiff's services; and the court sustained the objection, saying that architecture is a science, and that the value of an architect's labor is not to be measured by the time consumed. Defendant excepted to this ruling, and the question thus presented is the most important one in the case, although the arguments of counsel upon the point are very meager. The ruling was erroneous. It is settled law that a jury, or a judge sitting as a jury, is not concluded by the testimony of experts or their estimates of value.

The province of such testimony is only to aid a jury in coming to a conclusion; and it does not exclude the consideration of any other evidence which is pertinent to the issue involved. In *McLean v. Crow*, 88 Cal. 649, this court approved a charge by which the jury were instructed that "when they have all the facts and circumstances attending and surrounding the transaction the opinion of experts as to value, based upon the same evidence, is not conclusive; their opinions are not to be substituted for the common sense and judgment of the jury. The purpose of their introduction is to supplement the general knowledge and experience of the jury in relation to the matters before them, and thereby to aid them in the exercise of their own judgment, to the end that a more just and accurate conclusion as to the value may be drawn from the evidence." In *Estate of Dorland*, 63 Cal. 281, it was held that the lower court was not bound by the opinions of professional witnesses as to the value of an attorney's services. The general authorities are to the same effect. (See 8 Ency. of Pl. and Pr. 776, and quotations from judicial opinions in notes on that and the succeeding page.) Under these authorities the jury should have before them "all the facts and circumstances attending and surrounding the transaction"; and the time reasonably necessary to be occupied in performing the services in question is certainly one of "the facts and circumstances" which the jury should have before them when called upon to determine the value of such services. Of course, in certain cases, evidence of the time occupied in performing services would not be of any very great weight. For instance, in a suit brought by a physician to recover for his services in performing a difficult surgical operation, the time occupied in the performance of such operation would not be of much importance, although even in that case evidence of the time taken would be admissible. That also would be so with respect to certain kinds of services rendered by attorneys, although in many such cases the time occupied by an attorney in conducting litigation would be quite material. In a case like the one at bar, where a jury drawn from the general mass of citizens might not have much general knowledge of the value of the services of architects, it is entirely proper that in reaching a conclusion as to the value of such services

they should know about how long it would reasonably take an architect of fair capacity in his profession to perform the services. Of course, an exceedingly expert architect might do certain work in less time than one less expert, and in such case the services of the former would probably be considered as valuable as those of the latter, irrespective of the time which would be required for either to do the work; but all those considerations can easily be presented to a jury. And, after all, time reasonably necessary to perform certain services is clearly one of the elements to be considered by a jury in arriving at the value. Those following a particular vocation, although it may be a learned or scientific one, cannot adopt a scheme for the valuation of their own services which will bind all others; and, while a jury should consider the testimony of experts in such case, still they must exercise their own judgment in the end, and, in order to do so with full knowledge of the subject, they should have before them all the facts tending to show such value, among which is the time ordinarily necessary to perform the services. In the case at bar, the court, by excluding the evidence in question, evidently went upon the erroneous theory that the testimony of experts should alone be considered. For this reason the judgment must be reversed.

It is averred in the complaint that there was a special contract between the plaintiff and the defendants by which the plaintiff was to draw certain plans and specifications, and to superintend the construction of buildings to be erected according to said plans, and was to receive for the whole of such services five per cent of the estimated cost of the building; that after certain plans and specifications had been prepared by the plaintiff the defendants refused to construct any of such buildings, and thereby prevented the plaintiff from carrying out the contract, and that the reasonable value of plaintiff's services for what he did before stopped was a certain amount for which he brings suit. The evidence shows, and the court found, that there was no special contract; and, therefore, it is contended by defendants that there is a fatal variance between the complaint and the findings of fact. If when the complaint was drawn the pleader knew the real facts, he should not have alleged a special con-

tract; but, as the action was brought to recover the reasonable value of the services rendered, we do not see that the variance was material, or that the defendants could possibly have been injured thereby We, therefore, do not think that the judgment should be reversed upon this point.

Appellants contend that the amount found by the court as to reasonable value of respondent's services was too large because one per cent of the estimated value of all the buildings was fixed as the proper amount for the preliminary sketches and specifications for all of said buildings, while in fact it appears that there were no plans or specifications for one of said buildings, to wit, the pavilion; but it is not necessary to examine this point closely, because upon another trial that matter can be properly adjusted.

In their answer the appellants averred that respondent, having learned that they contemplated the erection of certain buildings, voluntarily offered his services as architect; that they told him that they would not build unless they could procure a license for the sale of liquor in the pavilion and music hall which they contemplated erecting; that he might go on and draw the specifications, if he saw fit, with the understanding that he was not to receive any compensation therefor unless appellants procured the said license; that the work done by respondent, and for which this suit is brought, was done with that understanding, to wit, that he should not be paid unless the license was procured and the buildings erected; and that, not being able to procure the license, the erection of the buildings was abandoned. There was no finding as to this special defense of the defendants, and we think with appellants that the failure to find on this point was erroneous. Respondent contends that there was such a finding; but the finding relied on was simply "that there was no agreement between the plaintiff and defendants as to the amount to be paid to the plaintiff," etc. This was not a finding as to the special defense set up by the defendant, but relates merely to the amount. It was merely a finding that there was no special contract as to any particular sum that was to be paid under any circumstances, but does not dispose of the question raised by the answer, whether or not plaintiff was to be paid anything in the

event that the defendants should not obtain a license, and should abandon the erection of the building.

The judgment and order denying the motion for a new trial are reversed.

Henshaw, J., and Temple, J., concurred.