[Civ. No. 1225. First Appellate District.—May 15, 1913.]

## F. H. MEYER et al., Respondents, v. C. F. BUCKLEY, Appellant.

ARCHITECT—ACTION FOR SERVICES—AGREEMENT AS TO COST OF WORK.— In this action by an architect to recover a percentage of the cost of improvements to a building, for his services in superintending the work, the evidence shows that the contract fixing the compensation did not limit the cost of the work.

ID.—VALUE OF SERVICES—INSTRUCTIONS TO JURY.—In such action the refusal of the court to instruct the jury, as requested by the defendant, that evidence introduced by the plaintiff tending to show the value of the architect's services, was not conclusive upon them, but that they, in estimating the value of the services, were entitled to exercise their own judgment, was not prejudicial, if other instructions given by the court covered the subject.

ID.—COMPENSATION OF ARCHITECT—INTEREST ALLOWABLE.—Where an architect's contract provides that he shall have for his services a fixed percentage of the cost of the work, to be paid on the completion thereof, and the amount due is ascertained when the work is finished, he is entitled to interest, in his action on the contract, under the rule that whenever the debtor knows precisely what he is to pay, and when he is to pay, he shall be charged with interest if he neglects to pay.

ID.—INTEREST—TIME FROM WHICH RUNS ON CLAIM FOR SERVICES.—A claim for the reasonable value of services rendered does not bear interest until the rendition of the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Frank H. Smith, Judge presiding.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche, for Appellant.

Myer Jacobs, for Respondents.

KERRIGAN, J.—This is an action by plaintiffs against the defendant to recover for certain services as architects alleged to have been rendered by plaintiffs at the instance and request of defendant.

The first count is founded upon an express contract to recover five per cent of the total cost of certain improvements, alterations, and additions to the Baltimore Hotel, situated in San Francisco, as compensation for their services as architects in superintending said work. , It is alleged therein that said improvements, alterations, and additions cost the sum of $11,713.08, and that five per cent thereof is the sum of $585.65. In the second count the sum of forty dollars is prayed for, as reasonable compensation for the services of said plaintiffs in superintending certain plumbing work in said Baltimore Hotel. The third count is for the purpose of recovering the sum of $11.20 expended by said plaintiffs for the use and benefit of said defendant in procuring permits, etc.

The trial court refused to instruct the jury, in response to one of the issues framed by the pleadings, and as requested by the defendant, that if they believed that defendant would not have entered into the contract agreeing to pay plaintiffs five per cent of the costs of the improvements and additions to the Baltimore Hotel if the plaintiffs had not represented to him that the total cost of such work would not exceed the sum of three thousand dollars, their verdict should be in favor of the defendant. In refusing to thus instruct the jury we think, under all the circumstances of the case, that the court did not commit error for which the judgment must be reversed.

During the early negotiations between the parties some time in the latter part of July, 1903, the plaintiffs did suggest to the defendant that he limit the tenant at that time to the sum of two thousand five hundred dollars or three thousand dollars as the cost of improvements and additions to be made; but, according to the undisputed facts, weeks before the contract in question was executed both parties knew that the work contemplated would exceed the larger of those sums by over seven hundred dollars; and just a few days before the contract between the parties was made, and long after the conversation about the limit of three thousand dollars, the defendant secured new tenants, and agreed in writing with them to make additional alterations and improvements in the building, the reasonable value of which it is not questioned was about eight thousand dollars. The contract fixing the compensations does not limit the cost of the work; and any statement or suggestion in the case tending to support the issue referred to

22 Cal. App.—7

is too vague, slight, and indefinite to warrant a moment's serious consideration. (Code Civ. Proc., sec. 1835; *Gustafson* v. *Stockton etc.,* 132 Cal. 619, [64 Pac. 995].)

The plaintiffs introduced evidence tending to show the reasonable value of the services rendered under the second cause of action stated in the complaint. The court refused to instruct the jury, as requested by the defendant, that such evidence was not conclusive and binding upon them, and that they, in estimating the value of the services, had a right to exercise their own judgment. Conceding that this instruction should have been given (*Ehlers* v. *Wannack Bros.,* 118 Cal. 310, 312, [50 Pac. 433] ; *McLean* v. *Crow,* 88 Cal. 644, [26 Pac. 596] ; *Estate of Dorland,* 63 Cal. 281),—and passing the point that at the trial defendant apparently did not dispute that if the plaintiffs rendered the particular service (concerning the plumbing referred to in the second count) they were entitled to the forty dollars charged—we think that other instructions given by the court covered the subject.

The jury allowed interest on each of the three sums sued for from the time each fell due; and defendant claims that the value as to two of the counts was not capable of being made certain by calculation, as provided in section 3287 of the Civil Code; that therefore interest should have been allowed only from the rendition of the verdict.

As to the first count, it is to be observed that the contract provided a fixed percentage of the cost of all the work to be superintended by the plaintiffs, and that the amount due would be paid upon the completion of the work. And it is not denied that during the progress of the work the plaintiffs, as was stipulated in the contract, certified weekly to the defendant the amount of work done on the building by the different contractors, and that the accounts thus audited were paid by the defendant. Furthermore, the defendant admitted in his answer that the cost price of the work done under the contract was the amount claimed by plaintiffs. In other words, the account was liquidated when the work was finished, the amount due was ascertained, and the defendant was apprised—or by a simple computation could have been apprised—of his liability. As was said in *People* v. *County of New York,* 5 Cow. (N. Y.) 331, ''Whenever the debtor knows precisely what he is to pay, and when he is to pay, he shall be charged with inter-

est if he neglects to pay." (See, also, *Clark* v. *Dutton,* 69 Ill. 521; *Courteney* v. *Standard Box Co.,* 16 Cal. App. 600, 613, [117 Pac. 778]; *Martyn* v. *Western Pacific Ry. Co.,* 21 Cal. App. 589, [132 Pac. 602].)

In the case of *Robinson* v. *American Fish Co.,* 17 Cal, App. 212, 220, [119 Pac. 388], which was an action on an account for fish sold and delivered, the quantity of fish delivered was not disputed, the only question being as to whether the price agreed upon was one cent and a half or two cents per pound. The court held that since the total amount due at either price was capable of ready ascertainment by mere computation no accounting was required to reach the precise sum due.

As to the second cause of action, it is sufficient to say that, it being for the reasonable value of the services rendered, it is well settled that the claim does not bear interest until the rendition of the judgment. (*Cox* v. *McLaughlin,* 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100]; *Easterbrook* v. *Farquharson,* 110 Cal. 311, [42 Pac. 811]; *Coghlan* v. *Quartararo,* 15 Cal. App. 662, [115 Pac. 664].) The judgment should therefore be modified by striking therefrom the amount of interest allowed on this count.

As thus modified the judgment is affirmed.

Lennon, P. J., and Hall, J., concurred.