[Civ. No. 5921. First Appellate District, Division Two.—November
2, 1927.]

ORVILLE L. CLARK, Appellant, v. CONLEY SCHOOL
DISTRICT OF KERN COUNTY, Respondent.

Oliver O. Clark and Kaye & Siemon for Appellant.

Claflin & Lambert for Respondent.

NOURSE, J.—Plaintiff sued for services rendered, praying for judgment in the sum of $13,552. The cause was tried before the court without a jury and resulted in a judgment in favor of plaintiff in the sum of $3,000. From this judgment the plaintiff has appealed on a typewritten record.

The complaint pleaded three distinct causes of action: The first was based upon a written contract with the members of the board of trustees of the defendant district wherein the plaintiff was employed as the architect of the district for the preparation of plans and specifications for new buildings and additions and alterations to present buildings, and also to supervise the construction, completion, and alteration of said buildings as required by the board. The second cause of action pleaded the same facts and added allegations covering the conduct of the defendant district for the purpose of invoking an estoppel upon the defendant from asserting any invalidity in the contract. The third cause of action was in the ordinary form of *quantum meruit*. Following the trial, upon which the validity of the contract was vigorously attacked upon the ground that it had not been authorized or approved by the board of trustees in a legally called meeting, the trial court made its findings in which these defenses were not touched upon, but in which it was found that the contract was executed at the time alleged in the complaint; that plaintiff commenced the performance of services under it; prepared and delivered certain plans and specifications for new buildings; expended certain moneys in the performance of this labor and was prevented from completing the contract because of its termination by the trustees. It was then found that the reasonable value of the services rendered by the plaintiff under the contract was the sum of $5,000, of which sum $2,000 had already been paid, and judgment was accordingly given for the balance.

On this appeal the appellant attacks the judgment upon two grounds: First, that the trial court erred in disregarding the uncontradicted evidence of appellant that the reasonable value of his services was $14,348, and, second, that he

was entitled to interest upon the amount found due for the period during which payment was withheld. In his reply brief the appellant has for the first time argued that the trial court having found that the contract was executed as alleged in the first cause of action he was entitled to the full sum demanded under that cause of action irrespective of any question of the reasonable value of his services. Although we are not inclined to consider points which are raised for the first time in the final brief, it is sufficient to say that the contract which is the basis of the first cause of action is so indefinite in its terms that we cannot say that the trial court erred in this respect. The contract seems to have been drawn with the intention of employing appellant in two capacities—as an architect to advise the board of trustees and to prepare plans and specifications for new buildings and alterations in the present buildings, and, secondly, as a supervising architect in the construction, completion, and alteration of such buildings. For the services mentioned under the first heading no compensation was fixed, while for the services mentioned under the second heading the appellant's compensation was fixed at six per cent of the total cost of construction and alteration of the buildings. It may be assumed that under the general custom covering the services of architects the fee fixed in the contract would cover the services rendered in the preparation of the plans and specifications. It should be noted, however, that under the contract the appellant was called upon to perform such services ''as may be required of him,'' and that the fee fixed was to be based upon the total cost of the construction and alteration of the buildings and not upon the estimated cost of that work. Therefore, whether the contract contemplated payment to the appellant for services rendered merely in the preparation of plans and specifications for new buildings or for alterations of present buildings if none of such buildings or alterations was made, was a question which should have been determined by the trial court upon issues properly drawn. Again, if these services were to be paid for on the basis of six per cent of the actual cost of construction and alteration of the buildings, the trial court must determine upon what basis the appellant should be paid for services rendered in the preparation of plans and specifications only. The appellant lays stress upon the

fact that he was prevented from completing the services under the contract by the action of the trustees in bringing about its termination, but it appears that this action was prompted by the determination of the trustees that the buildings could not be constructed because the electors of the district had refused to authorize the issuance of bonds for that purpose and because the district was otherwise financially unable to raise the fund for that purpose. This is a fact which must have been contemplated by all parties at the time the contract was executed. It explains the insertion in the contract of the proviso that the services were to be rendered as required by the trustees.

The trial court found that the reasonable value of appellant's services was $5,000. It is said that because the testimony of the appellant that his services were reasonably worth $14,348 was not contradicted the trial court was bound to find in that amount. The appellant was asked "What was the reasonable value of your services in preparing these plans and specifications?" Answer: "Six per cent on the total estimated value of each of the three buildings . . . that was a total of $398,000.00 and the value of my services would be six per cent of that amount . . . $14,348.00." But the contract itself was some evidence of the reasonable value of these services and that called for a payment of six per cent on the total cost of construction, not only for the preparation of the plans and estimates, but for the supervision of the construction of the buildings. The trial court was not, therefore, bound to accept this testimony of the appellant, but was justified in reaching its conclusion of the reasonable value of the services rendered by the appellant from all the facts and circumstances before it. (*Ehlers* v. *Wannack Bros.*, 118 Cal. 310 [50 Pac. 433]; *Meyer* v. *Buckley*, 22 Cal. App. 96, 98 [133 Pac. 510].)

It is argued that the trial court erred in refusing to allow the appellant interest from the time when the services were rendered until the date of the judgment. The argument is based upon the rule that appellant's recovery was capable of being made certain by calculation (Civ. Code, sec. 3287), because the contract fixed his compensation at six per cent of the cost of construction of the buildings. We have already said that this fee was based upon his services to be rendered not only in the preparation of plans and

estimates, but also in the supervision of the construction of the buildings. If the cause were being tried upon the first cause of action alone, it may be that evidence could be had of the prevailing customs and of the surrounding circumstances which would justify an interpretation of the contract fixing a promise to pay for the services rendered in the preparation of plans and estimates in the event the building program was abandoned, and in such a case the certainty of the amount due might be easily determined by mere calculation. But so far as appears from this record such evidence was not before the trial court and in any event no finding was made thereon. The judgment was manifestly given on the third cause of action alone—an action in *quantum meruit*. The reasonable value of services rendered was the precise question to be determined by the trial court upon the evidence offered under that cause of action and the amount due thereunder could not be determined by mere calculation. Such being the case, the claim should bear interest from the rendition of the judgment only. (*Meyer* v. *Buckley*, 22 Cal. App. 96, 99 [133 Pac. 510].)

Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurred.