[Civ. No. 3516. Third Appellate District.—October 23, 1928.]

SADIE E. NYLUND, Respondent, v. HENRY F. MADSEN, as Executor, etc., Appellant.

W. F. Clyborne and Frank McGowan for Appellant.

Henry L. Ford and J. T. Fraser for Respondent.

PLUMMER, J.—The plaintiff had judgment against the defendant as the executor of the last will and testament of Carl Miller, deceased, for the sum of six hundred dollars. From this judgment the defendant appeals.

The complaint in the action sets forth that for a considerable period prior to the death of Carl Miller the plaintiff attended him as a nurse and performed services, at his

instance and request, and upon his promise to pay therefor, of the reasonable value of one thousand dollars. That the plaintiff has not been paid for said services. The death of Carl Miller is then set forth, the admission of his last will and testament to probate, and the appointment of the defendant as executor are alleged and judgment demanded in the sum of one thousand dollars. The filing of the claim against the estate of said deceased is alleged, and its rejection by the executor also pleaded. The answer of the defendant put in question the fact of the services, the promise to pay therefor and also the value thereof.

Upon this appeal, while other objections are alleged, the only real ground upon which it is insisted that a reversal of the judgment should be ordered is in the fact that no witness testified that the services performed by the plaintiff were of the reasonable value of six hundred dollars or any other sum. ■ Complaint is made that the trial court permitted the asking of leading questions, but an examination of the transcript does not disclose that any prejudice was suffered by the defendant by reason of the form of the questions permitted to be asked by the trial court. ■ Attention is also called to the fact that a certain witness testified that the plaintiff told her at one time that the deceased paid her two dollars a day for taking care of him while he was sick, and that this should have been considered a bar to any recovery by the plaintiff. An examination of the transcript fails to support the contention made by the appellant in relation to this testimony. The question and answer upon which the objection is based are as follows: ''Q. While you were there at the Nylund residence during that week just before Mr. Miller went down to San Francisco did you hear Mrs. Nylund say anything about being paid? A. Well, she told me at one time that he had paid her two dollars a day.'' This may all be true, but it does not show that the plaintiff was paid for her services during the last illness of the deceased; all it does show, if anything, is that at one time the deceased considered the plaintiff's services worth at least two dollars per day, or at least that he had at one time paid that much for plaintiff's services.

■ While the answer of the defendant denies the services, the record shows that there was practically no denial

thereof upon the trial, and the only testimony introduced was in relation to the extent of the same. The testimony of Dr. Gross alone is sufficient to show the extent of the services. He testified that the services consisted in dressing one of the hands of the deceased for several months; that the deceased was suffering from several running sores; that there was mucous coming from all of them; that he had a sore hand and sore throat, and that eruptions were breaking out over his body; that he also had a sore foot; that the plaintiff treated one of the hands of the deceased twice a day; the hand was suffering from cancer and had to be dressed at least twice a day; that the plaintiff took care of him pretty nearly all the time; that she did this for a period of five or six months; that the plaintiff had to rub liniment on one of the patient's legs; had to put applications on his neck several times a day; that the infections which broke out had to be dressed several times a day; that in addition to the sore on his hand, one of his arms had a sore that required dressing; that the plaintiff would dress the sore hand and then bring him to the witness' office for him to dress; and when the patient coughed plaintiff had to assist him in removing the saliva and mucous from his mouth; that the services performed by the plaintiff were extraordinary; that the services included more than that of a nurse; it included that of an attendant and housekeeper; that the plaintiff attended to business for decedent, nursed him and treated the very loathsome disease with which he was afflicted. Other witnesses testified as to the services, but the simple outline taken from the attending physician's testimony is amply sufficient to show the extent of the services. We may here state that the different witnesses who testified in relation to the services, described in detail the offensive condition of the patient or of the ailments with which he was afflicted, and the record contains sufficient to show that the testimony introduced fully advised the court as to the extent of the services performed, and their character. We may further state the record shows that the plaintiff took care of the deceased for the period of time mentioned and until, as stated by the attending physician, the burden of taking care of the deceased caused her to break down, and then two nurses had to be employed to look after the deceased.

No question is made by appellant that the amount allowed by the trial court was or is excessive. As we have stated, the only point urged for reversal in this particular is that no witness went on the stand and stated his opinion as to the value of the services. It is urged upon the authority of *Cowdery* v. *McChesney,* 124 Cal. 363 [57 Pac. 221]; *Crusoe* v. *Clark,* 127 Cal. 341 [59 Pac. 700]; *Laiblin* v. *San Joaquin Agricultural Corp.,* 60 Cal. App. 516 [213 Pac. 529], that such testimony is necessary. The cited cases, however, do not so hold. The rule stated in all of them is substantially the same as the following quotation from *Laiblin* v. *San Joaquin Agricultural Corp., supra:* "The action being upon a *quantum meruit,* it was proper, of course, to allow evidence as to the reasonable value of labor performed, and it was competent to prove what was the reasonable value of such labor by the opinions of experts fully qualified to give such testimony." It is not held in any of the cases relied upon by appellant that such testimony is absolutely necessary.

In actions based on *quantum meruit* for the value of services, the value of the services rendered is for the jury. In this case, for the trial court, and while opinion evidence is admissible, where the facts constituting the service and all the circumstances relating thereto are placed before the trial court, the court or the jury, as the case may be, has before it sufficient upon which to determine the fact of value. The rule is thus stated in 40 Cyc. 2855: "In an action for services rendered the questions whether they were rendered, and if so, what is their value, are for the jury; and in the absence of evidence of the value of such services, or where the evidence leaves uncertain the amount plaintiff is entitled to recover, the jury may estimate their value from their own judgment and knowledge on the subject." This does not mean that the jury is entitled to fix the value, irrespective of testimony, nor upon their knowledge of the services performed, but their common knowledge of the value of services which have been described under all the circumstances and conditions disclosed by the testimony. In the case of *Hossler* v. *Trump,* 62 Ohio St. 139 [56 N. E. 656], this identical question was before the supreme court of the state of Ohio. It was there held (we are quoting from the syllabus): "When, upon the trial of the general

issue, in an action upon *quantum 'meruit* for services of a domestic character, the plaintiff offers evidence showing the facts from which the promise to pay may be properly inferred, and also showing the nature and extent of the services rendered, the case should be submitted to the jury, although no witness expresses an opinion as to the value of the services." The services involved in that action were for nursing, bathing, and caring for Mr. Trump, washing his clothing and bedding, mending, etc., setting forth the period of time, and the claimed value thereof, at three dollars per day. The trial court in that action instructed the jury that as no evidence was offered tending to show the value of the services, that is, no witness had stated to the jury his opinion of their value, their verdict should be for the defendant. In the circuit court the judgment of the common pleas court was reversed, and upon appeal to the supreme court the judgment of the circuit court was affirmed. In the course of the opinion in that case the Ohio supreme court said: "The jury in such a case may reject the opinion of witnesses if they deem it unreasonable, because the facts touching the character and extent of the services which the plaintiff is required to prove and which, if the case before us were proved, are themselves the subject of consideration by the jurors with a view to the exercise of their own knowledge and the formation of their own opinions as to their value." The court then goes on to cite the case of *Head* v. *Hargrave*, 105 U. S. 45 [26 L. Ed. 1028, see, also, Rose's U. S. Notes], where the supreme court, speaking through Justice Field, holds that a trial court may disregard the testimony of the witnesses who give their opinions as to the value of attorney's fees, and act upon its own knowledge and information of such matters. Again, in the case of *Craig* v. *Durrett*, 1 J. J. Marsh. (Ky.) 365 [19 Am. Dec. 103], in action for the value of services the same rule is promulgated. It is there said (quoting from the syllabus) : "The jury may, from their own knowledge of the business of society and the value of the labor in *assumpsit* for work and labor, find a verdict for the price of the work done, notwithstanding there is no evidence of the worth of labor at the time and place the work was performed." See, also, *Wetzel* v. *Keller*, 12 Ind. App. 75 [39 N. E. 895]. That the

testimony of experts is not conclusive, and that a jury is not bound by opinion testimony, which, of course, applies to the trial court when sitting without a jury, see 3 Cal. Jur., p. 714, sec. 111; also, *Ehlers* v. *Wannack Bros.*, 118 Cal. 310 [50 Pac. 433], in an action involving work performed by an architect. Opinion evidence was first introduced. The defendant sought to show the extent and character of the work, for the purpose of laying the foundation for fixing the value of the same. This testimony was excluded by the trial court, and for this reason the judgment was reversed. While it is now held in practically all jurisdictions that opinion evidence is admissible as to value, where the witness has knowledge of the same, it is likewise held in practically all of the jurisdictions that such opinion evidence may be disregarded.

In *Estate of Iser*, 52 Cal. App. 405 [198 Pac. 1014], this court had occasion, speaking through Mr. Justice Hart, to collate a large number of authorities bearing upon this question. On page 408 of the opinion in that case (198 Pac. 1015), this court said: "The contention of these appellants is apparently that before a court can find the value of professional services it must have before it the testimony of experts to the effect that certain services are of certain value. But this is not the law. The testimony of experts is, of course, admissible to prove the value of attorneys' services" (citing a number of authorities). And, further: "But the opinions of experts in such cases are not binding upon the jury, who may apply to the testimony their own experience and knowledge of such services" (citing a number of authorities). Again: "If the jury may form a judgment as to the value of services in opposition to the opinions of experts, it necessarily follows that the testimony of experts is not essential" (citing further authorities). Again, the rule is further elaborated in 27 California Jurisprudence, page 230, section 39, where it is said: "In an action upon *quantum meruit* it is proper to allow evidence as to the reasonable value of labor performed. The character and amount of work done by the plaintiff may be proved for the purpose of showing the value of the services, and so it is competent, as bearing upon the value of legal services, to prove the nature of the litigation and the amount

involved." It is also further said in the same section from which we are quoting that opinion testimony of experts, qualified, may be introduced. In other words, the cases all distinguish between the kind of testimony that may be introduced and what testimony it is absolutely necessary to introduce in order to support a judgment. ■ The authorities which we have cited make this distinction and show clearly that when all the facts and circumstances are placed either before the court when sitting with a jury, or when the case is being tried before the court without a jury, the court or the jury, as the case may be, may fix the value without the aid of expert testimony. The rule, of course, is limited to matters which are within common knowledge. As said, in substance, in one of the cases, there is no reason for assuming that a trial court has no knowledge of the facts and circumstances of which all other persons have common knowledge. In other words, if a jury possesses sufficient common knowledge to find a verdict as to value for work and labor, where the extended character of the work fully appears in the testimony, there is no reason for concluding that a trial court does not possess the same knowledge.

■ As to the promise to pay, it is sufficient to state that the testimony in this case shows that the services were performed under such conditions as the law would imply a promise. Just as stated in the case of *Young* v. *Bruere,* 78 Cal. App. 127 [248 Pac. 301]: "Where one performs for another, with the other's knowledge, a useful service, of a character usually charged for, and the latter expresses no dissent or avails himself of the service, a promise to pay the reasonable value of all of the services is implied." We do not need to add to the authorities cited in this case.

The judgment in this case, however, is irregular and should be amended by adding thereto: "Payable out of the Estate of Carl Miller, deceased, in due course of administration." And it is hereby ordered that the above words be added to the judgment in this case, and as so amended the judgment is affirmed, respondent to recover costs.

Hart, J., and Finch, P. J., concurred.