[Civ. No. 3897.   Third Appellate District.—October 21, 1929.]

H. Z. KIMES, Respondent, v. DAVIDSON INVESTMENT COMPANY (a Corporation) et al., Appellants.

Denio, Hart, Taubman & Simpson for Appellants.

Rosenthal & Rosenthal and Avery M. Blount for Respondent.

PLUMMER, J.—The plaintiff had judgment against the defendants for the principal sum of $3,000 and interest in the sum of $630, upon an action instituted to compel payment of the reasonable value of work and labor performed by the assignor of the plaintiff at the instance and request of the defendants. The complaint is in two counts, but as a nonsuit was granted as to the first count it is only necessary to consider the allegations of the second. The allegations of the second count upon which judgment was rendered read as follows:

"That within four years last past, defendants became indebted to Franz Herding upon an open book account for services rendered to defendants at defendants special instance and request, and for which the defendants promised and agreed to pay the reasonable value thereof; that the reasonable value thereof at all times was and now is the sum of $3,500.00." The answer denies the rendering of the services, the value thereof, and then pleads that the services have been fully paid for. The record shows that Franz Herding, the assignor of the plaintiff, was a professional city planning architect; that the defendants owned a certain tract of land which they desired to have platted, laid out, and a country club-house erected thereon; that after a number of conversations had been had relative to the contemplated work and the employment of Franz Herding to do the work, it appears that on or about January 3, 1924, Franz Herding wrote a letter to W. G. Hamilton relative to the work to be performed by the defendants, outlining it and explaining it to some extent, and stated in his letter that the fee for such services would be the sum of $4,000. On January 18, 1924, H. C. Davidson, the president of the Davidson Investment Company, wrote to Franz Herding as follows:

"Long Beach, Calif., January 18th, 1924.
"Mr. Franz Herding,
    "2005 Argyle,
        "Hollywood, Calif.
"Dear Mr. Herding:
    "We are handing you herewith our check for $500.00, which is the first payment on your total fee of $4,000.00, as set forth in your letter of January 3rd, for doing the planning of the Los Serranos property. We are inclined to think that it might be best to have a more formal contract drawn, and the writer will do this as soon as possible and submit it for your approval. In the meantime we hope you will proceed with the work as you now have it in mind and the writer expresses the sincere hope that the relations in connection with this work may continue as happily as they have begun.

"Sincerely yours,
"DAVIDSON INVESTMENT COMPANY,
"By H. C. DAVIDSON, President."

In pursuance of this letter Franz Herding proceeded with the contemplated work and had performed, according to the testimony adduced, most of the contemplated drawings, etc., for the improvement of the property. While not set up in the pleadings, it would appear from the contentions of the appellants that the architectural work not being completed as soon as they had anticipated, the appellants gave notice to Franz Herding to discontinue the work. No payment being made other than the $500 mentioned in the letter bearing date of January 18, 1924, the claim of Franz Herding against the defendants was assigned to the plaintiff, and plaintiff instituted this action. Upon this appeal it is contended that the lower court erred in admitting in evidence the correspondence relative to the employment and work to be done by Franz Herding; that this being an action for the reasonable value of the services performed; such testimony tended to prove a special contract of employment at an agreed price, and therefore was inadmissible and constituted a variance between the allegations and the proof. The point is also made that the lower court erred in refusing the defendants to testify as to the effect upon the business of the Davidson Investment Company of the delay of Franz Herding in completing his work. Objection is also made that in an action upon *quantum meruit,* interest is not allowable before the entry of judgment. The transcript shows that the defendants refused to be bound by the alleged contract, if any such existed, and notified Franz Herding before the architectural work was fully completed. This presents a case where Franz Herding, by reason of the breach of the contract of the defendants, was entitled to begin an action for the reasonable value of the services performed. Under such circumstances the contention of the appellants is fully answered in the case of *Brown* v. *Crown Gold Milling Co.,* 150 Cal. 376 [89 Pac. 86]. We quote from the syllabus: "Although proof of a contingent contract would be a fatal variance where a contract to pay a different sum absolutely is alleged, yet, where the cause of action is upon a *quantum meruit,* and a contingent contract has been broken, proof of such contingent contract and its breach without cause shows no variance justifying a nonsuit, but supports the *quantum meruit.*" And further: "Where an employee is discharged by his employer, without

cause, during the term of his employment, he may regard the contract as rescinded and sue upon a *quantum meruit* and recover the reasonable value of his services as if the special contract of employment had never been made." We do not need to review the authorities cited by the appellants, as this case and the authorities relied upon therein show that the trial court was not in error in denying the appellants' motion for a nonsuit as to the second cause of action. ■■ Again, the correspondence was admissible for another purpose, to wit, as bearing upon the value of the services performed and to be performed. In 27 California Jurisprudence, page 232, section 40, we find the rule of law thus stated: "Evidence of a special contract to pay a sum certain for services is admissible under a common count for work and labor, as tending to show the value of the services, even where performance was prevented by one of the parties, or the terms were varied by agreement. . . . Where services are rendered under a written memorandum of employment, the memorandum is admissible, though not specifying the commission or compensation." The text here set forth is supported by a number of California cases cited in the footnotes.

■■ The contention that the appellants were not allowed to introduce testimony as to the effect upon the business of the Davidson Investment Company, in delays in the work by Franz Herding, is without merit. No question of any damage by reason of delay is tendered by the pleadings. No such issues were raised by the answers of any of the defendants, and therefore the ruling of the court was and is correct.

It is further contended that there is no testimony as to the reasonable value of the services performed. Upon this point the appellants set forth the following questions and answers:

"Q. Up to the time when you had ceased work what portion of the work to be done had been completed, and based upon your experience in this line of business, what was the reasonable value of the service to that date? A. I would say all the creative work had been done. The last to be done yet was simply to get it in shape for reproduction and could use it in a report, and this is entirely a mechanical piece of work which draftsmen to a large extent can do,

and a photographer, and it involves some cash expenses, and I did not get to finish this work because I did not get the payments. Q. What would it cost to do that mechanical work that you spoke of, according to the agreement? A. I would say it would be an outlay of $500.00.''

This statement, however, is not correct. At considerable length respondent in his reply brief sets forth the testimony of the architect, showing the work performed by him and how nearly the same was completed, and just what remained to be done at the time the contract was rescinded by the defendants. In the case of *Nylund* v. *Madsen,* 94 Cal. App. 441 [271 Pac. 374], this court had occasion to set forth, at considerable length, the authorities in relation to the testimony necessary to sustain a judgment based upon *quantum meruit* for work and labor performed. In addition to the facts, as we have just shown, the correspondence between Franz Herding and the president of the Davidson Investment Company, showing the value of the contemplated work to be $4,000, and that about $500 more of work would have to be performed, the testimony introduced goes to some length in explaining just what work had been performed by the architect. It is true he did not answer specifically that the value of the work performed by him was worth, in his opinion, a certain sum. This is identical with the circumstances presented in the case of *Nylund* v. *Madsen, supra.* This court there held that where the work was explained, the court or jury was authorized to fix the value thereof. Here, as in the Nylund case, no question is made that the sum fixed as the value of the work was excessive. In the case at bar, just as in the Nylund case, the facts constituting the service were placed before the court and furnished the basis for fixing the value of the work already done. While it might have been inquired into more particularly by counsel for the appellants as well as by counsel for the respondent, it nevertheless, according to the rule announced in the cases cited in the case of *Nylund* v. *Madsen,* furnished a sufficient basis for the court finding the value of the services performed. ▇ When the facts are placed before the court, the opinion of an expert as to the value of the services is not binding upon the court. While, as we have said in the case of *Nylund* v. *Madsen,* such testimony is admissible, it yet remains for the court

or jury to make its own estimate of the value of the services. ██ The correspondence to which we have referred fixed the value of the services at $4,000; $500 was paid. The evidence shows that there is approximately $500 worth of work yet to be performed. This, with the other testimony, justified the court in ordering judgment in the sum of $3,000.

██ That the court was in error in allowing interest before the entry of judgment in an action of *quantum meruit*, for work and labor performed, appears to be the settled law of this state. While other cases might be cited, one is sufficient. (See *American-Hawaiian etc. Co. v. Butler*, 17 Cal. App. 764 [121 Pac. 709].) While this case is sufficient, two recent cases announcing the same rule may be cited: *Grass* v. *Rindge Co.*, 84 Cal. App. 750 [258 Pac. 673]; *Clark* v. *Conley School District*, 86 Cal. App. 523 [261 Pac. 721].

It follows from what has been said that the judgment of the trial court awarding the plaintiff the sum of $3,000 should be and the same is hereby affirmed, while that portion of the judgment awarding the plaintiff interest in the sum of $630 should be and the same is hereby stricken therefrom.

The appellants are awarded their costs on appeal.

Finch, P. J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 20, 1929.