[Civ. No. 133. Fourth Appellate District.—July 17, 1930.]

WALTER G. MATHEWSON, as Chief of Division of Labor Statistics, etc., Respondent, v. MRS. M. E. ALDERMAN, Appellant.

Harry W. Horton for Appellant.

Arthur Johnson for Respondent.

MARKS, J.—Respondent was, at all times material hereto, Chief of the Division of Labor Statistics and Law Enforcement of the Department of Industrial Relations of the State

of California. Appellant was the owner and operator of two or more plants from which she sold water. One of these plants was located at El Centro, California, and another at Brawley, California.

It is alleged in the complaint that Mrs. Joe M. Reece worked for appellant at the Brawley plant from November 1, 1926, to October 1, 1927, at an agreed salary of $60 per month. It is also alleged that the work and labor performed by Mrs. Reece for appellant was of the reasonable value of $660. Eighteen dollars was paid by appellant to Mrs. Reece on account before this action was instituted. She assigned her claim to respondent by a written instrument dated June 27, 1928, which was before this action was instituted. In another cause of action the complaint alleged that Madge Downing worked for appellant between October 1, 1927, and June 1, 1928, at an agreed salary of $50 per month. The complaint further alleged that the work and labor performed by Madge Downing was of the reasonable value of $400, upon which nothing had been paid. On July 10, 1928, Madge Downing assigned her claim against appellant to respondent by an instrument in writing.

The answer of appellant denied all of the material allegations of the complaint except the official position of respondent. In a separate defense it is alleged that respondent's assignors were married women and that their claims for wages were filed "solely for the reason that this answering defendant declined to pay to the husbands of said respective parties compensation which this answering defendant believed said two husbands were not entitled to as and for vacation money."

After a trial before the court without a jury, the court held that there was no express contract of employment of respondent's assignors by appellant. It further found that the two assignors performed services for appellant at her special instance and request, and that the reasonable value of the services performed by Mrs. Reece was the sum of $330, upon which $18 had been paid, and that the reasonable value of the services performed by Mrs. Downing was the sum of $200, upon which nothing had been paid. Judgment was entered in favor of respondent and against appellant in the sum of $512.

Witnesses for respondent testified that prior to November 1, 1926, Mrs. Reece and her husband worked for appellant at her El Centro plant and that appellant asked them to go to the Brawley plant and operate it for her, telling them that it meant more money for them and that she would make it right with Mrs. Reece as she had with the lady who was the predecessor of Mrs. Reece at the Brawley plant. Mr. Reece received $100 per month, with living quarters at the El Centro plant, and the same wages at Brawley. He testified that appellant told him and his wife that Mrs. Reece would have to take care of the sale of water at the Brawley plant when her husband was away making deliveries and would have to answer the telephone and that appellant would pay for these services. It appears from the evidence that the woman who preceded Mrs. Reece at the Brawley plant received $60 per month from appellant for the services rendered by her. Various witnesses testified that Mrs. Reece sold water from the plant, washed water bottles, took orders over the telephone and performed other services for appellant during the eleven months in question.

The testimony in support of the claim of Madge Downing was practically the same as that offered in support of the claim of Mrs. Reece, except that the additional circumstance appears, that Chester Downing, her husband, testified that appellant told Mrs. Downing that she, appellant, would make it right with Mrs. Downing and would pay her for these services as soon as appellant could get in shape to do so.

The testimony of respondent's assignors and their witnesses was flatly contradicted by appellant. This at best created but a conflict of testimony, and if there is material evidence in the record supporting the judgment, it cannot be reversed by this court, because of a conflict in evidence.

Appellant relies upon two grounds for a reversal of the judgment: First, she maintains the written assignments from the respondent's assignors were not joined in by their husbands as required by the provisions of section 955 of the Civil Code, and that there was not sufficient evidence to support the finding of the court as to the reasonable value of the services rendered by respondent's assignors for appellant.

■ The case comes before us upon a bill of exceptions which contains neither of the assignments of which appellant complains. It appears from the record that Joe Reece, husband of Mrs. Joe M. Reece, did sign the assignment to respondent and that his name appeared thereon. Just what form his indorsement took on this assignment does not appear. Whether or not Chester Downing signed the assignment made by Madge Downing, his wife, does not appear from the record. At the time the assignments were offered in evidence, counsel for appellant made the following objection to their introduction: "We object as incompetent, irrelevant and immaterial. A wife cannot assign to the labor commissioner wages due, or which she claims to be due her as a married woman." The objection was overruled and the assignments were admitted. As we said before, the assignments are not in the record, and there is nothing to show whether the assignment made by Madge Downing bore the signature of her husband. The court in its findings of fact found that the claims of both assignors of respondent had been assigned to him. Where an appellant relies upon an error of the trial court in the admission of evidence it is incumbent upon her to show affirmatively that such error has been committed.

Appellant relies upon section 955 of the Civil Code, which provides in effect that no assignment of wages made by a married person shall be valid unless the written consent of the other spouse be attached thereto. This section was construed in the case of *Berg* v. *Standard Light Co. of California*, 89 Cal. App. 542 [265 Pac. 369, 370]. In this case the court held as follows:

"Defendants did not set up in their answer the fact that the complaint did not state that the consents of the wives of McNeil, Beechler, and Wm. H. Brocket were not attached to their husbands' assignments, nor was any objection made on that ground to the complaint either by demurrer or answer. Under these circumstances they must be deemed to have waived the same. Respondents have not favored us with a brief, but it seems clear to us that as a defense the section invoked by defendants is a mere matter that goes to the abatement of the action when specially pleaded, and not having been so pleaded it was waived. The case is similar in principle to a situation where a corporation has failed to

allege the filing of its articles of incorporation, or a copartnership certificate required by the Civil Code, a necessary requisite before either may maintain or defend an action, in which case it has been universally held that failure so to do subjects them only to the specific defense in the nature of a plea in abatement, the allegation not being essential to the cause of action (*California Sav. & L. Soc.* v. *Harris,* 111 Cal. 136 [43 Pac. 525]; *Ward Land etc. Co.* v. *Mapes,* 147 Cal. 752 [82 Pac. 426]). The defect is not a jurisdictional element.''

The answer filed in the case before us did not plead as a defense the failure of the husbands of the assignors to approve and sign the assignments as provided by section 955 of the Civil Code, and under the authority of the case last cited this defense has been waived.

The appellant next contends that there is no evidence to support the court's findings as to the reasonable value of the services rendered by plaintiff's assignors. The record shows that Mrs. Reece, over the objection of appellant, testified that the reasonable value of her services was $60 per month and that over a like objection Mrs. Downing testified that the reasonable value of her services was $50 per month. It further appears from the record that the nature of the services performed by both women was clearly detailed to the court and at least one witness testified that the predecessor of Mrs. Reece was paid a salary of $60 per month by appellant. This furnished some evidence to the court upon which it could base its findings. As was said in the case of *Clark* v. *Conley School Dist.,* 86 Cal. App. 523 [261 Pac. 721, 722]:

''The trial court found that the reasonable value of appellant's services was $5,000. It is said that because the testimony of the appellant that his services were reasonably worth $14,348 was not contradicted the trial court was bound to find in that amount. The appellant was asked 'What was the reasonable value of your services in preparing these plans and specifications?' Answer: 'Six per cent on the total estimated value of each of the three buildings . . . that was a total of $398,000.00 and the value of my services would be six per cent of that amount . . . $14,348.00.' But the contract itself was some evidence of the reasonable value of these services and that called for a

payment of six per cent of the total cost of construction, not only for the preparation of the plans and estimates, but for the supervision of the construction of the building. The trial court was not, therefore, bound to accept this testimony of the appellant, but was justified in reaching its conclusion of the reasonable value of the services rendered by the appellant from all the facts and circumstances before it. (*Ehlers* v. *Wannack Bros.*, 118 Cal. 310 [50 Pac. 433]; *Meyer* v. *Buckley*, 22 Cal. App. 96, 98 [133 Pac. 510].)'' See, also, *Boyd* v. *Ibbetson*, 90 Cal. App. 298 [265 Pac. 887]; *H. F. Fites Co.* v. *Harris Mfg. Co.*, 89 Cal. App. 427 [264 Pac. 799]. There being some competent evidence to support these findings of the trial court, they cannot be disturbed on this appeal.

Judgment affirmed.

Cary, P. J., and Barnard, J., concurred.