## AMERICAN SURETY CO. OF NEW YORK v. COVE IRR. DIST.

### No. 6483.

Circuit Court of Appeals, Ninth Circuit.

Dec. 14, 1931.

Sterling M. Wood and Robert E. Cooke, both of Billings, Mont., for appellant.

Brown, Wiggenhorn & Davis, of Billings, Mont., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge.

This suit was brought to recover on a bond given by appellant to insure the faith-ful performance of a contract made by Schleuter Brothers, wherein the latter contracted to perform work and furnish materials for appellee irrigation district. Schleuter Brothers defaulted on their contract. Prior to default, a number of subcontractors and materialmen had been employed by the main contractors and their accounts had not been settled. The irrigation district sued on behalf of the claimants. Decision was in favor of the surety company, appellant, and the case was, in 1930, brought to this court. The judgment was reversed. Cove Irr. District v. American Surety Company, 42 F.(2d) 957.

Upon the mandate going down, requiring the District Court to take further proceedings in harmony with the decision rendered, the District Judge, upon the evidence already heard, made new findings and entered judgment for the aggregate sum of $17,963.72, which apparently included interest from the dates of accrual of the several separate amounts. This appeal was then taken.

When the cause came on for hearing in this court, objections were urged by appellee to a consideration of the record on the former appeal, which record appellant desired to refer to. A counter motion was urged by appellee to have made, as a condition to the use of such record, if allowed, amendments to show that appellant, by its action at the trial, was estopped to urge that the claims of the subcontractors were allowed on quantum meruit, rather than for fixed contract prices. Before argument was had, counsel for the respective parties stipulated that a transcript of the evidence heard in the District Court should be submitted for the use of this court in passing upon the one question raised by the appeal, to wit: Whether the trial court erred in including in the judgment interest on the several amounts of the claims from the dates of accrual thereof. The stipulation was that the court might look to the record so supplied and determine the merits of the question raised.

We.are then to decide: (1) Did the proof show that the claims were established in their amounts as for the reasonable value rather than for definite contract prices? (2) May interest be allowed on a quantum meruit claim as from any date before judgment?

The findings of the court determined the amounts to be allowed as follows: Queenan, $1,737.62, interest from February 2, 1923; Fallman, $2,027, interest from March 1,

1923; Wickliff, $3,087, interest from March 3, 1923; Kunkle, $850, interest from December 24, 1922; Yegen, $1,324, interest from February 1, 1923; Martin, $7,396.41, interest from December 5, 1922; Kurk, $562.30, interest from January 1, 1923. Total, exclusive of interest, $16,984.43. The interest rate used was stated to be 8 per cent. per annum. The principal sum of the judgment was $17,963.72. Interest included, therefore, is the difference between the amounts last given, or $979.29. In the complaint, the several amounts of the different claims, excepting that of Martin, were alleged as being for the reasonable value and (as alleged) "which was also the agreed price." As to the Martin claim, that was pleaded as for the "reasonable value" only.

Looking to the evidence, it is found that the claim of Queenan was for excavating at a fixed price per yard, varying with the different classes of materials to be moved. The claims of Wickliff and Fallman were for grading and excavating at an agreed price per yard for material removed. The claim of Kurk was likewise for excavating at an agreed price per yard. The record shows that at the trial it was stipulated as to Yegen's claim, which was for excavating, that Yegen had performed work of the reasonable value of $1,324.80, no part of which had been paid. As to the Kunkle claim, for raising concrete bridges and other work, the stipulation was that he had performed work of the kind above described "of reasonable value and agreed price of $1,380.00," of which $500 had been paid. No testimony was heard supplementing the stipulated facts as to the Yegen and the Kunkle claims. Martin was a subcontractor whose contract was in writing. His contract provided for the building of concrete structures. A schedule of prices to be paid for various parts of the work was contained in the contract. For instance, the contract work was to be paid for by the yard, as was excavation work; headgates and overflow gates to be used in the structures which Martin was to build, and were to be at a price of 25 per cent. above cost. Martin found, after commencing the work, that the representation that had been made to him as to the depth of bedrock below surface at two feet was wrong, and that bedrock was nine or ten feet below the surface. A modification of the contract was then made and it was arranged that excavation work was to be handled by a representative of the main contractor. A memorandum was attached to Martin's contract describing the changed conditions. After the work had been begun, but had not been finished, default was made by the main contractors and the surety company took charge of the construction work. Martin did no more to complete the contract. In his account, he included a charge of $1,000 for overseeing and handling. This he testified he thought was a reasonable charge to be added to the value of the work done up to the time that he was stopped from proceeding. He testified that all of his charges were made upon a basis of the reasonable value. This question was asked of him:

"Q. As I understand it, because of the fact this contract is based upon a unit price for complete work, and you completed none, you have elected to ask for the reasonable value as you have here done? A. Yes, sir."

When counsel for the plaintiff offered, in the case of Queenan and Kurk, to prove the reasonable value of the work performed by Queenan and Kurk, the offer was objected to by the appellant, and the objection was sustained by the court, and evidence as to the contract price was supplied. The stipulation before mentioned as to the claim of Kunkle was that the amount stated represented both the reasonable value and the agreed price. As to the Yegen claim, the stipulation was only that the amount represented the reasonable value of the work done. It is to be concluded that the amounts allowed by the court as to all of the claims, excepting those of Yegen and Martin, conform to specified contract prices.

Section 8662, volume 2, Revised Codes of Montana 1921, provides as follows: "8662. Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt."

The Supreme Court of Montana, in Hefferlin v. Karlman, 29 Mont. 139, 74 P. 201, held that the provisions of this statute (referred to as section 4280 under an earlier compilation of the laws) applied to an open account for goods sold. The court, however, referred to Mr. Sutherland's work on Damages, and agreed with that author where he stated that such an account was deemed to be subject to payment on demand, and that interest could be computed only from the date of such demand.

In Daly v. Swift & Co. (Mont.) 300 P. 265, 269, the court said: " * * * interest should only be recoverable when the amount which will discharge defendant's liability is ascertained or is ascertainable, so that payment or tender could have been made at the time it should have been made." It was there held that in cases of suits for damages for personal injuries, interest would not be allowed from time of injury because "not susceptible of definite or accurate computation."

Where the suit prosecuted is for a demand based upon reasonable value of services, the question of what such reasonable value is, is one which is only arrived at by considering the evidence given at the trial. The alleged debtor disputing the claim, or the amount thereof, is entitled to show that the demand is not for a reasonable amount. In such a case, we would say that the plaintiff's demand was not, prior to suit, as the statute states, "certain, or capable of being made certain by calculation."

While appellant asserts that the case of Palmer v. Murray, 8 Mont. 312, 21 P. 126, 127, arose prior to the passage of section 8662 of the Montana statutes hereinbefore quoted, the following language used by the Supreme Court of Montana there is applicable here: "In order to determine in this action whether any debt, and, if so, what amount, actually existed on the part of the defendant, it took the judgment of the court to decide."

The several accounts due the claimants who relied upon the prices fixed in their contracts, became payable at the dates of completion of the services rendered. The claimants were at such dates entitled to have the debts discharged by payment, and the contractors were liable for interest from those dates.

No decision of the courts of Montana is cited where the question of allowing interest on a quantum meruit claim before judgment was passed upon. The statute of Montana is in the exact wording of the California Civil Code, § 3287. As the latter is of earlier date, it is proper to assume that the Legislature of Montana adopted the California provision as to interest allowances. The Supreme Court of California has directly decided that the provisions of Civil Code, § 3287, do not authorize interest to be added to the amount of a claim sued for as on quantum meruit, until the amount has become liquidated by judgment. Burnett v. Glas, 154 Cal. 249, 97 P. 423.

The District Courts of Appeal of the same state have in several decisions declared the same rule. Farnham v. Cal. Safe Deposit & Tr. Co., 8 Cal. App. 266, 96 P. 788; Clark v. Conley School District, 86 Cal. App. 523, 261 P. 721; Meyer v. Buckley, 22 Cal. App. 96, 133 P. 510. In the absence of contrary Montana decisions, these authorities furnish a sound basis for judgment in this case. They conform to reason and legal logic as well.

The findings of the court, dated February 12, 1931, specifically fix as the dates from which interest is to be calculated, the several dates of the completion of the work or the cessation of labor. The judgment as entered for the total sum of $17,963.72, as calculation will show, does not include enough interest to correspond to such findings. The difference between the sum of the claims allowed and the total judgment is only $979.29. Interest on the amount of the claims other than those of Yegen and Martin, if calculated as required by the findings of the District Judge, would amount to more than the sum last stated. Hence, as the judgment of the court is for a single amount, we cannot find that it should be diminished by any sum whatsoever. The judgment should therefore be affirmed.

It is so ordered.